IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE L. ARROYO O'NEILL, | : | Civil No. 3:15-cv-2039 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| PRIMECARE MEDICAL INC., *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Jorge L. Arroyo O'Neill ("Plaintiff"), an inmate currently confined at

the Pike County Correctional Facility, Lords Valley, Pennsylvania, commenced this action

pursuant to 42 U.S.C. § 1983. (Doc. 1).  Named as Defendants are PrimeCare Medical,

Inc., Deborah Wilson, Patty Bunting, and Jackie Gregory.  (*Id.*).  Before the Court is a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the

Defendants.  (Doc. 17).  For the reasons set forth below, the Court will grant the motion.

### I.   Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

2

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. Allegations of the Complaint

The allegations of the complaint relate to Plaintiff's medical treatment at the Pike County Correctional Facility. (Doc. 1). Plaintiff alleges that he sustained injuries while in police custody. (*Id.* at p. 3). During his incarceration at the Pike County Correctional Facility, Defendant Dr. Wilson initially treated Plaintiff for his injuries. (*Id.*). Plaintiff allegedly informed Dr. Wilson that a lump formed under his skin, it had increased in size "quickly", and was painful. (*Id.*). Plaintiff asserts that "nothing was done at that time." (*Id.*). On July 14, 2014, Plaintiff filed a medical grievance complaining that Dr. Wilson examined

3

him but failed to provide medication for his injuries. (*Id.* at p. 4). In response to the grievance, Plaintiff was advised that he would be assessed by another provider within the following two (2) weeks. (*Id.*).

Plaintiff thereafter treated with nurse practitioner Bunting. (*Id.* at p. 3). Defendant Bunting opined that the injury may be a hematoma. (*Id.*). On July 21, 2014, Plaintiff filed a medical grievance regarding his injuries. (*Id.* at p. 5). In response to the grievance, Plaintiff was advised that because he was unavailable for the scheduled provider visit, the appointment was rescheduled. (*Id.*).

Plaintiff asserts that, at a subsequent visit to the medical department, "they were rude and dismissive." (*Id.*). On August 14, 2014, Plaintiff filed another medical grievance. (*Id.* at p. 6). Plaintiff was advised that there was no indication for a second opinion. (*Id.*).

On September 24, 2015, Plaintiff filed a grievance regarding his injuries and pain. (*Id.* at p. 7). In response, it was noted that Plaintiff's test results were reviewed with him on August 14, 2014, and a second opinion was not warranted. (*Id.*).

On September 28, 2015, Plaintiff an additional medical grievance. (*Id.* at p. 8). Plaintiff was advised to submit a sick call slip in order to receive treatment by the medical department. (*Id.*).

## III.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of

action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute

provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A.    Deliberate Indifference to Medical Needs

Plaintiff appears to allege that Defendants were deliberately indifferent to his serious

medical needs.[1] The Court concludes that the "deliberate indifference" described in

Plaintiff's complaint simply does not rise to the level of a cognizable constitutional violation.

---

[1]    It is unclear whether Plaintiff's claims are based on his status as a pretrial detainee or a
convicted criminal. Pretrial detainees are protected by the Due Process Clause of the Fourteenth
Amendment, not the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v.
Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, the Fourteenth Amendment provides "at least as much
protection as does the Eighth Amendment," and in cases involving allegations of inadequate medical care,
the Third Circuit Court of Appeals typically reviews both claims using the Eighth Amendment standard.
*Gannaway v. Berks Cnty. Prison*, 439 F. App'x 86, 89 n.2 (3d Cir. 2011) (nonprecedential) (citing *Natale v.
Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Thus, the Court will dispose of Plaintiff's
claims pursuant to the Eighth Amendment.

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's

6

disagreement with medical treatment is insufficient to establish deliberate indifference. *See Estelle*, 429 U.S. at 106; *Spruill v. Gillis*, 372 F.3d 218, 237 (3d Cir. 2004); *Monmouth Cnty.*, 834 F.2d at 346.

Assuming *arguendo* that Plaintiff has a serious medical need, the Court must determine whether Plaintiff has pled a deliberate indifference to that need. The allegations in Plaintiff's complaint clearly demonstrate that he received medical attention at the Pike County Correctional Facility, and that the attention he received lacks the requisite deliberate indifference to support a § 1983 claim. Plaintiff acknowledges that he was promptly treated by the medical department at the Pike County Correctional Facility for the injuries he sustained while in police custody. (Doc. 1, p. 3). He further acknowledges that he received medical treatment for the injuries on at least three separate occasions. (*Id.*). Plaintiff filed grievances wherein he expressed dissatisfaction with the type of treatment received, and requested treatment at an outside facility. (Doc. 1, pp. 4-8). The alleged failure to provide Plaintiff with a second medical opinion does not amount to "unnecessary and wanton infliction of pain." *See Estelle*, 429 U.S. at 104. The Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere, and "[t]he right to be free from cruel and unusual punishment does not include the right to treatment of one's choice." *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981).

While Plaintiff may disagree with the treatment provided by Defendants, their

7

treatment of him does not demonstrate deliberate indifference or unnecessary and wanton infliction of pain and does not amount to a constitutional violation. *See, e.g., Gindraw v. Dendler*, 967 F. Supp. 833, 836 (E.D. Pa. 1997) ("[T]he exercise by a doctor of his professional judgment is never deliberate indifference."). Plaintiff's allegations amount to nothing more than a subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. *See Carpenter v. Kloptoski*, No. 08-cv-2233, 2012 WL 983565, at *6 (M.D. Pa. 2012) (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)) (observing that "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"). Claims of medical malpractice and disagreements as to the proper course of medical treatment simply do not suffice to satisfy the deliberate indifference standard. *See Monmouth Cnty.*, 834 F.2d at 346. Courts will not second guess whether a particular course of treatment is adequate or proper. *See Parham v. Johnson*, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Based on the foregoing, Plaintiff's complaint fails to articulate a plausible civil rights claim against Defendants.

## B.    Respondeat Superior and Monell Liability

To the extent that Plaintiff attempts to establish liability against PrimeCare on the basis that it employs members of the Pike County Correctional Facility medical staff, this claim must be dismissed. To establish a viable § 1983 claim against a private corporate

8

entity such as PrimeCare, a plaintiff must allege that the entity had a policy, practice, or

custom which caused injury to the plaintiff. *See Adonai-Adoni v. King*, 2009 WL 890683, at

*2 (E.D. Pa. 2009) (noting that a private medical provider can only be liable under § 1983 if

claim rests "upon some policy, practice or custom"); *see also Carpenter v. Kloptoski*, 2010

WL 891825, at *8 (M.D. Pa. 2010) (concluding that a § 1983 claim against a private medical

service solely on the basis that it was responsible for providing health care is subject to

dismissal). Defendant PrimeCare, a private corporate entity, cannot be held liable for acts

of its employees under a theory of *respondeat superior* or vicarious liability. *See Natale*,

318 F.3d at 583 (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Plaintiff alleges that he received inadequate medical treatment at the Pike County

Correctional Facility. However, Plaintiff's complaint is devoid of facts demonstrating that

any perceived deficiency in his medical treatment was the result of PrimeCare's policies,

customs, or practices. Plaintiff fails to establish that PrimeCare maintained a policy or

practice that violated his constitutional rights, and he appears to sue PrimeCare simply as

the entity responsible for providing prison health care. Accordingly, Plaintiff's § 1983 claim

against PrimeCare will be dismissed.

### C.    Claims against Defendant Jackie Gregory

The caption of the complaint identifies Jackie Gregory as a Defendant in this action.

*See* (Doc. 1). However, the complaint fails to allege any personal involvement by

9

Defendant Gregory, and the body of the complaint fails to mention Defendant Gregory. *See*

(Doc. 1). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege the violation

of a constitutional right by a person acting under color of state law. *See West*, 487 U.S. at

48. "A defendant's conduct must have a close causal connection to plaintiff's injury in order

for § 1983 liability to attach." *Charles v. Sabol*, 2009 U.S. Dist. LEXIS 49680, *6 (M.D. Pa.

2009) (Rambo, J.) (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)). "[E]ach named

defendant must be shown, via the complaint's allegations, to have been personally involved

in the events or occurrences which underlie a claim." *Cross v. Losinger*, 2007 U.S. Dist.

LEXIS 22336, *4 (M.D. Pa. 2007) (Nealon, J.) (citing *Rizzo v. Goode*, 423 U.S. 362 (1976);

*Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976)). Because Plaintiff

failed to allege any involvement by Defendant Gregory, the complaint against this

Defendant will be dismissed.

### D.    Preliminary Injunction and Temporary Restraining Order

The complaint contains a request that the Court order PrimeCare to provide him with

a second opinion regarding his purported injuries. (Doc. 1, pp. 1-3). Preliminary injunctive

relief is extraordinary in nature and should issue in only limited circumstances. *See*

*American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27

(3d Cir. 1994), *cert. denied*, 514 US. 1103 (1995). Moreover, issuance of such relief is at

the discretion of the trial judge. *See Orson, Inc. v. Miramax Film, Corp.*, 836 F. Supp. 309,

10

311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary

injunctive relief, courts in the Third Circuit consider the following four factors:

(1)   likelihood of success on the merits;
(2)   irreparable harm resulting from a denial of relief;
(3)   the harm to the non-moving party if relief is granted; and
(4)   the public interest.

*United States v. Bell*, 2003 WL 102610, *2 (M.D. Pa. 2003) (Conner, J.) (internal citations

omitted). It is the moving party that bears the burden of satisfying these factors. *Id.* The

standards for a temporary restraining order are the same as those for a preliminary

injunction. *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994).

Perhaps the most important prerequisite for the issuance of a preliminary injunction

is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm

before a decision on the merits can be rendered. *See Continental Group, Inc. v. Amoco*

*Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which

cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight*

*Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant

preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting

the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the

injunctive relief is in danger of suffering the irreparable harm at the time the preliminary

injunctive relief is to be issued. *Id.* Speculative injury does not constitute a showing of

irreparable harm. *Continental*, 614 F.2d at 359; *see also Public Serv. Co. v. West Newbury*,

11

835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Instant Air Freight*, 882 F.2d at 801 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1964)). Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. *See Weaver v. Wilcox*, 650 F. 2d 22, 27 n.13 (3d Cir. 1981) (concluding that the prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages).

Based on Plaintiff's failure to prevail on the merits of the instant civil rights action, Plaintiff's motion for a preliminary injunction and temporary restraining order directing PrimeCare to provide him with a second medical opinion will be denied.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal

amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  In the matter *sub judice*, the flaws in Plaintiff's constitutional claims are both legal and factual, and thus incurable.  For these reasons, the Court concludes that curative amendment would be futile.

## V.  Conclusion

For the reasons set forth above, Defendants' motion (Doc. 17) to dismiss will be granted.  An appropriate order shall issue.

Dated:  June ___, 2016

Robert D. Mariani
United States District Judge